UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

In re

Griffith Sternberg, LLC

Case No. 16-21029

Chapter 11

Debtor.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS

The United States Trustee for Region 2, William K. Harrington, in furtherance of his administrative responsibilities under 28 U.S.C. § 586(a) and 11 U.S.C. § 307, respectfully moves this court for an order converting this case to a proceeding under Chapter 7, or, in the alternative, dismissing this case. In support of this motion, the United States Trustee states:

## Introduction

This case should be converted or dismissed because the debtor has again failed to file Monthly Operating Reports and has failed to pay overdue quarterly fees. In addition, despite over a year in bankruptcy, no motion to approve a sale of the real property has been filed.

## Facts

1. This corporate debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 13, 2016.

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding.

3. The United States Trustee was unable to appoint a Committee of Unsecured Creditors in this case based on too few positive responses.

4. The debtor's business involves the ownership of real property located at 523 West Church Street, Elmira, NY 14905, which is leased to the law firm owned by the debtor's sole member. Upon information and belief, the lease with the law firm has a ten year term expiring in March 2018 and there are no other tenants.

5. Upon information and belief, at the time the case was filed, the real estate was two months into a six month sale listing with Keith Gustin of Realty USA.

6. On February 17, 2017, the United States Trustee's Office filed a motion to dismiss or convert this case, including, among other things, the failure of the debtor to obtain court approval of the employment of a realtor and the failure of the debtor to file monthly operating reports. ECF Doc. 49.

7. A consensual Conditional Order Dismissing Case in Event of Default was entered on May 2, 2017, requiring the debtor to pay outstanding quarterly fees, apply for approval of employment of its realtor, provide a current and correct mailing address for the debtor, file outstanding Monthly Operating Reports, amend incomplete Monthly Operating Reports, and provide proof of current insurance. ECF Doc. 72.

8. The employment of Keith Gustin as realtor was approved by the Court on May 31, 2017. ECF Doc. 94. The application requesting approval of his employment stated that Mr. Gustin "has engaged in the marketing of the property since July, 2016." ECF Doc. 86.[1]

9. Despite the property having been listed for sale for fifteen months, no offer has been presented to the Court requesting approval of a sale.

---

1 The agreement attached to the application, however, had expired on January 22, 2017. Evidence of a current listing agreement with Mr. Gustin has not been filed with the Court or provided to the United States Trustee's Office.

10. The debtor has failed to file monthly operating reports due for July 2017 and August 2017. Without monthly operating reports, one cannot determine if expenses are being paid. The September 2017 report will be due soon and that particular report should reflect whether or not the debtor paid the current school tax bill in a timely manner.

11. The debtor has failed to file a plan and disclosure statement, although the debtor has had ample opportunity to do so. The debtor's exclusive period for filing a disclosure statement and plan has expired. The debtor's failure to file a disclosure statement and plan after a year of bankruptcy court protection indicates an inability to effectuate a plan. This constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(J).

12. Since filing for relief, the debtor has failed to pay quarterly fees owing to the United States Trustee, as required by 28 U.S.C. § 1930(a)(6), for the second quarter 2017 in the amount of $325. This constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K). The fee for the third quarter 2017 will be due in October 2017.

13. Staff from the United States Trustee's Office met with the debtor's principal on September 23, 2016, at the Initial Debtor Interview, as required by 28 U.S.C. § 586(a)(7)(A), to explain the debtor's obligations to file and provide various documents and reports. At that same meeting, the various deadlines were outlined, along with the importance of meeting those deadlines and the ramifications of failing to comply with the requirements. Despite numerous reminders, the debtor has failed to comply with the various obligations and deadlines.

## Argument

14. The debtor has failed to file monthly financial reports as required under Fed. R. Bankr. P. 2015 and 11 U.S.C. § 704 for the months of July 2017 and August 2017. By failing to

file monthly operating reports, the Debtor violated 11 U.S.C. § 1112(b)(4)(H) by failing "timely to provide information . . . reasonably requested by the United States trustee." (These reports also are required pursuant to the Office of the United States Trustee Chapter 11 Guidelines that were issued by the United States Trustee to the debtor.) The Debtors' failure to fulfill this important fiduciary obligation denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important financial information regarding the Debtors' financial affairs. Not known, among other things, is the cash balance in the estate, whether the debtor is up to date on taxes, secured obligations, and is not incurring administrative or other expenses post-petition. This lack of information cannot be underestimated, as "timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of Chapter 11 proceeding).

15. While not checked on the petition or raised by the secured creditor, it appears the debtor is a Single Asset Real Estate case ("SARE"). As such, § 362(d)(3) limits a debtor's strategies. Without Monthly Operating Reports, it is not clear if the debtor has made the monthly payments in an amount required by 11 U.S.C. § 362(d).

16. While this case remains open in Chapter 11, the estate continues to incur administrative expenses, such as the quarterly fees owed to the United States Trustee. Without monthly operating reports on file, it is not known if this is causing diminution of the estate.

17. Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or for the dismissal of a Chapter 11 case in its entirety. See 11 U.S.C. § 1112(b). Under this provision, the court may find cause in the following circumstances, among others: substantial or continuing loss to or

diminution of the estate and the absence of a reasonable likelihood of rehabilitation court (see 11 U.S.C. § 1112(b)(4)(A)); gross mismanagement of the estate (see 11 U.S.C. § 1112(b)(4)(B)); failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter (see 11 U.S.C. § 1112(b)(4)(F)); and failure to pay any fees or charges required under chapter 123 of title 28 (see 11 U.S.C. § 1112(b)(4)(K)).

18. Section 1112(b) now requires a court, "absent unusual circumstances specifically identified by the court," to convert a case to one under Chapter 7 or dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). As set forth above, the United States Trustee has demonstrated cause under § 1112(b)(4)(A), (B), (F) and (H).

19. Courts have the authority to dismiss or convert a Chapter 11 case "if the court determines that it is unreasonable to expect that a plan can be confirmed in the Chapter 11 case." In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1301 (2d Cir. 1997)(dismissing a Chapter 11 case based on the determination that the debtor had no chance of reorganization). Here, the debtor has failed to file a plan, therefore it is unlikely that a plan will be confirmed within a reasonable period of time.

20. For the foregoing reasons, cause exists to dismiss this case under 11 U.S.C. § 1112(b).

21. Allowing the debtor to continue these practices under the protection of Chapter 11 may result in loss to or diminution of the estate, and reflects the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests an order converting this case to a proceeding under Chapter 7 or, in the alternative, dismissing this case, and for such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          William K. Harrington
          United States Trustee for Region Two
          By Counsel


          */s/Kathleen D. Schmitt*
          Kathleen Dunivin Schmitt
          Assistant United States Trustee
          Office of the United States Trustee
          100 State Street, Room 6090
          Rochester, NY 14614
          (585) 263-5706

Dated:   October 2, 2017